Before the
United States Court of International Trade

|  |  |
|---|---|
| TMK Group,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>United States,<br><br>　　　　　　　　　　Defendant. | Court No. 22-00346 |

## Complaint

Plaintiff TMK Group ("TMK" or "Plaintiff") files this complaint to contest certain aspects of the final determination by the U.S. International Trade Commission in the investigation of oil country tubular goods from Russia, as published in *Oil Country Tubular Goods from Argentina, Mexico, Russia, and South Korea.*

## Jurisdiction

1. This action arises out of the affirmative final determination issued by the U.S. International Trade Commission ("Commission") in the injury investigation involving oil country tubular goods ("OCTG") from Russia. The contested determination was published in the Federal Register as *Oil Country Tubular Goods from Argentina, Mexico, Russia, and South Korea*, 87 Fed. Reg. 69,331 (Nov. 18, 2022) ("Final Determination"). The corresponding AD order issued by the Department of Commerce ("Commerce") was published in the Federal Register on November 21, 2022. *See Oil Country Tubular Goods from Argentina, Mexico, and the Russian Federation: Antidumping Duty Orders and Amended Final Affirmative Antidumping Duty Determination for the Russian Federation*, 87 Fed. Reg. 70,785 (Nov. 21, 2022) ("AD Order"). The corresponding CVD order issued

by the Commerce was published in the Federal Register on November 21, 2022. *See Oil Country Tubular Goods from the Republic of Korea and, and the Russian Federation: Countervailing Duty Orders*, 87 Fed. Reg. 70,782 (Nov. 21, 2022) ("CVD Order").

2.   This action is commenced pursuant to Sections 516A(a)(2)(A)(i) and (B)(i) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1516a(a)(2)(A)(i) and (B)(i). Consequently, this Court has jurisdiction over this matter by reason of 28 U.S.C. § 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

### PLAINTIFF'S STANDING TO COMMENCE THIS ACTION

3.   Plaintiff is a foreign producer and exporter of subject merchandise from Russia, the subject merchandise at issue in this appeal. Plaintiff participated in the investigation that resulted in the contested determination. Accordingly, Plaintiff is an "interested party" within the meaning of Section 771(9)(A) of the Act, as amended 19 U.S.C. § 1677(9)(A), and has standing to commence this action pursuant to Section 516A(d) of the Act (19 U.S.C. § 1516a(d)) and 28 U.S.C. § 2631(c).

### TIMELINESS OF THIS ACTION

4.   The AD and CVD Orders for OCTG from Russia were published in the *Federal Register* on November 21, 2022. *See* 87 Fed. Reg. 70,782 and 87 Fed. Reg. 70,785. Plaintiff commenced this action by filing a summons with this Court on December 21, 2022, which is within 30 days of the publication of the AD and CVD Orders. *See* 19 U.S.C. § 1516a(a)(2)(A). In accordance with 19 U.S.C. § 1516a(a)(2)(A), Plaintiff timely filed this Complaint on January 20, 2023, within 30 days after filing of the Summons. Consequently, this complaint is timely filed in accordance with the requirements of Section 516A(a)(5) of

the Act, 19 U.S.C. § 1516a(a)(2), which permits parties to challenge the final results of Commission investigations by filing a summons within 30 days after publication of the final results, and a complaint within 30 days thereafter.

STATEMENT OF CLAIMS

5. In this appeal, Plaintiff challenges the Commission's final determination in the injury investigation involving *OCTG from Russia*.

6. The Commission's final determination in the investigation involving *OCTG from Russia* was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law for the following reasons, among others:

    (1) The Commission's decision to cumulate imports of subject merchandise from Russia with imports of subject merchandise from Brazil, Mexico, and South Korea was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law, because, *inter alia*, the Commission failed to properly address arguments and evidence on the record that Russian imports of subject merchandise were virtually excluded from the United States marketplace after February 2022, by a combination of regulations, sanctions, and other obstacles that prevented such products from meaningfully competing with subject merchandise from Argentina, Mexico, and South Korea and with domestically-produced subject merchandise.;

    (2) The Commission's analysis of South Korea's subject imports in its cumulation analysis was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law,

because, *inter alia*, the Commission's analysis included all subject imports from Korea rather than only the imports from the only Korean company, SeAH, that was found by Commerce (based on adverse facts available) to have received subsidies, while the other Korean respondent was found to have received *de minimis* subsidies;

(3) The Commission's determination that material injury to the domestic industry was "by reason of imports" was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law, because, *inter alia*: (1) the Commission failed to evaluate properly the arguments and evidence on the record regarding the conditions of competition within the OCTG marketplace that show that any harm experienced by the domestic injury during the review period was the result of the conditions of competition that prevailed in the OCTG market, such as the dramatic decline in demand and prices for OCTG caused by the COVID-19 pandemic, high inventory levels of OCTG held by distributors, high prices for hot-rolled coil (the major input for welded OCTG production), and OCTG supply constraints; and (2) the Commission erroneously attributed evidence of post-petition improvement of domestic industry performance to the filing of the petition rather than changes in the conditions of competition within the OCTG marketplace as a whole.

DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff respectfully requests this Court to:

(1) Declare that the Commission's Final Determination is unsupported by substantial evidence and otherwise not in accordance with law; and

(2) Remand the Final Determination to the Commission with instructions to issue a new determination that is consistent with the Court's decision; and

(3) Provide such other relief as this Court deems appropriate.

                Respectfully submitted,

                /s/Jeffrey M. Winton
                Jeffrey M. Winton
                Michael Chapman
                Amrietha Nellan
                Vi N. Mai
                Jooyoun Jeong

                WINTON & CHAPMAN, PLLC
                1900 L. St., N.W., Suite 611
                Washington, DC  20036
                Telephone: (202) 774-5503
                Email: jwinton@jmwinton.com

                Attorney for Plaintiff TMK Group

Dated:  January 20, 2023